| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT**<br>**SOUTHERN DISTRICT OF NEW YORK** | **NOT FOR PUBLICATION** |

```
------------------------------------------------------- x
In re:                                                  :
                                                        :   Chapter 7
        Try the World, Inc.,                            :
                                                        :   Case No. 18-11764 (JLG)
                        Debtor.                         :
                                                        :
                                                        :
------------------------------------------------------- x
                                                        :
John S. Pereira, as Chapter 7 Trustee of the            :
Estate of Try the World, Inc.,                          :
                                                        :
                        Plaintiff,                      :
                                                        :
        v.                                              :   Adv. P. No. 20-01013 (JLG)
                                                        :
Urthbox Inc., Katerina Vorotova, David                  :
Emmanuel Foult, and John Does 1, 2, 3,                  :
                                                        :
                        Defendants.                     :
                                                        :
------------------------------------------------------- x
                                                        :
Urthbox Inc.,                                           :
                                                        :
                        Counter-Plaintiff,              :
                                                        :
        v.                                              :
                                                        :
Try the World., Inc.,                                   :
                                                        :
                        Counter-Defendant.              :
                                                        :
--------------------------------------------------------x
```

**MEMORANDUM DECISION AND ORDER RESOLVING URTHBOX'S
MOTION TO COMPEL DISCOVERY AND FOR SANCTIONS**

**APPEARANCES:**

THE LAW OFFICES OF THEODORE GEIGER, PLLC
*Counsel to Urthbox, Inc.*
477 Madison Avenue, 6th Floor
New York, New York 10022
By:     Theodore S. Geiger

MEDINA LAW FIRM LLC
*Counsel to the Chapter 7 Trustee John S. Pereira*
641 Lexington Avenue, 13th Floor
New York, New York 10022
By:     Eric S. Medina

**HON. JAMES L. GARRITY, JR.**
**U.S. BANKRUPTCY JUDGE**

**Introduction[1]**

In this adversary proceeding, the Trustee is suing Urthbox Inc. ("Urthbox") principally to avoid and recover alleged prepetition fraudulent transfers of the Debtor's assets. The parties have engaged in discovery but are mired in a dispute over the adequacy of Urthbox's response to the Trustee's Document Requests. The matter before the Court is the Trustee's motion (the "Motion")[2] under Rules 26 and 37 of the Federal Rules of Civil Procedure (the "Rules")[3] for an order of the Court (i) compelling Urthbox to produce tax returns, accounting records, financial statements and archived emails; (ii) setting new definitive date(s) for Trustee's Rule 30(b)(6) deposition of Urthbox (the "Rule 30(b)(6) Deposition") following that production; and (iii)

---

[1] Capitalized terms not defined in the Introduction shall have the meanings ascribed to them below.

[2] *Trustee's Motion for Discovery Sanctions*, ECF No. 97. References to "ECF No. __" are to documents filed on the electronic docket of the above-captioned case.

[3] Rules 26 and 37 are made applicable herein by Rules 7026 and 7037 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

2

imposing sanctions for Urthbox's alleged failure to respond to the Document Request. The Trustee submitted the declaration of Eric C. Medina, his counsel, in support of the Motion (the "Medina Declaration" or "Medina Decl.").[4]

Urthbox filed an opposition to the Motion (the "Opposition"),[5] supported by the declaration of its counsel, Theodore Geiger (the "Geiger Declaration" or "Geiger Decl.").[6] The Trustee replied to the Opposition (the "Reply").[7] The Court heard argument on the Motion.

For the reasons set forth herein, the Court grants the Motion in part and denies it in part. The Court directs Urthbox, on or before October 15, 2024, to produce accounting records and financial statements concerning Urthbox's sales generated through the Customer Accounts, and archived emails, all from or after September 30, 2017 through the present. The Court denies the Trustee's request to direct Urthbox to produce its tax returns and denies the Trustee's request for sanctions pursuant to Rule 37. The parties shall confer on the scheduling of the Rule 30(b)(6) Deposition.

**Background**

Try The World (the "Debtor") formerly operated a subscription-based, as well as a "one-time purchase," snack food box delivery service. On June 9, 2018 (the "Petition Date"), it commenced a voluntary case under chapter 7 of the Bankruptcy Code in this Court. John Pereira (the "Trustee") is the chapter 7 trustee of the Debtor's estate.

---

[4] *Declaration in Support of Trustee's Motion for Discovery Sanctions*, ECF No. 97-1.

[5] *Urthbox, Inc.'s Memorandum of Law in Opposition to the Trustee's Motion for Discovery Sanctions*, ECF No. 99.

[6] *Declaration of Theodore Geiger*, ECF No. 100.

[7] *Plaintiff Trustee's Reply in Further Support of Discovery Motion*, ECF No. 103.

3

Approximately eight months prior to the Petition Date, the Debtor sold substantially all of its assets, including certain Customer Accounts (the "Acquired Assets") to Urthbox, another snack subscription company, pursuant to an asset purchase agreement dated September 30, 2017 (the "APA").[8]

As relevant, under the APA, the consideration for the Acquired Assets includes:

- Urthbox's agreement to assume full obligations to deliver approximately 35,000 pre-paid snack boxes to Debtor's customers.

- A seven-month earn-out percentage of the revenue and cash receipts deposited into the Urthbox bank accounts resulting from the continuation and operation of, or from customers subscribing to, the Debtor's business after the closing date (the "Customer Accounts"), net of miscellaneous monthly fees, customer chargebacks and customer credits, in an amount not to exceed $772,000;[9] and

- The issuance of a convertible note valued at $500,000 to the Debtor's then-current investors (including the Debtor's principals) based on their ownership of so-called Series Seed Preferred Equity, subject to the passing of thirty (30) calendar days from the closing date under the APA and the payment of at least $200,000 in earn-out payments to the Debtor.

*See* APA at 7.

Urthbox says that during the seven months following the APA's effective date, it realized over $2 million from the Customer Accounts, which yielded approximately $300,000 in earn-out payments under the APA, before deductions for unforeseen costs. Opposition at 2. Urthbox paid the Debtor approximately $196,000 of this amount. It maintains that the rest was offset by

---

[8] The APA is annexed as Exhibit B to the Medina Declaration.

[9] Specifically, Urthbox was to pay the Debtor 45% of the net cash receipts for the first month after the September 30, 2019 effective date of the APA, 16% of the net cash receipts for the second month, 15% of the net cash receipts for the third month, 10% of the net cash receipts from the fourth and fifth months, and 5% of the net cash receipts from the sixth and seventh months. APA at 7.

4

substantial unforeseen costs borne by Urthbox due to Debtor's alleged undisclosed failures to pay vendors, suppliers, marketing channels, and Debtor's alleged greater-than-disclosed failures to serve its customer base. *Id.*

In his Amended Complaint,[10] the Trustee seeks to avoid and preserve the transfers under the APA as voidable and fraudulent transfers under state and federal law, respectively, and to recover the Acquired Assets or their value from Urthbox. Alternatively, he seeks to recover damages occasioned by Urthbox's alleged breach of the APA, or its alleged unjust enrichment through its use of the Acquired Assets after the APA closed.

Urthbox's answer to the Amended Complaint[11] includes general denials to the principal allegations of the complaint, five affirmative defenses, and six counterclaims (the "Counterclaims"). The Counterclaims include: (i) a claim for indemnification under the APA, (ii) damage claims based on the Debtor's alleged fraudulent or negligent misrepresentations with respect to the APA, (iii) a claim for the Debtor's fraudulently inducing Urthbox to enter the APA, and (iv) claims for breach of contract and setoff.

In late 2022, the Trustee served Urthbox with a request for documents (the "Document Request").[12] The Document Request sought documents from April 10, 2013 through the date of production. Document Request at 5. Urthbox responded to the request (the "Urthbox Document Response")[13] and produced over 1,400 pages of documents.[14] In doing so, and without limitation,

---

[10] *First Amended Complaint*, ECF No. 18.

[11] *Answer of Urthbox, Inc. to First Amended Complaint and Counterclaim Against Debtor*, ECF No. 46.

[12] *See Trustee's First Request for Production of Documents* annexed as Exhibit A to the Medina Declaration.

[13] *See Urthbox, Inc.'s Response to Debtor's First Set of Requests for Production of Documents.* The Urthbox Document Response is annexed as Exhibit C to the Geiger Declaration.

5

it objected to the Document Request as "overly broad," "unduly burdensome," Urthbox Document Response ¶ 2(a), and "seek[ing] documents or information that are irrelevant to the issues in this action or not reasonably calculated to lead to the discovery of admissible evidence," *id*. ¶ 2(b).

The Trustee says that Urthbox made its first production of documents on September 28, 2023, and assured the Trustee's counsel and the Court at a November 14, 2023 pre-trial conference "that it would deliver outstanding discovery relating to the Document [Request] shortly." Motion ¶ 19. He maintains that Urthbox made a second document production on November 28, 2023, and, thereafter, advised the Court at a January 2, 2024 conference that "the remaining outstanding [documents] concerning financial information stemming from the Debtor's assets would be provided imminently." *Id.* at ¶ 20. The Trustee contends, and Urthbox denies, that Urthbox's document production is deficient.

After several conferences among the Trustee's and Urthbox's counsel, and a number of status conferences with the Court, in a letter dated April 5, 2024 (the "April 5 Letter"),[15] the Trustee narrowed the universe of documents sought by the Trustee but not produced by Urthbox to accounting records and financial statements concerning the revenues generated by the Customer Accounts for the period beginning September 30, 2017, through the present, and Urthbox's tax returns for the same period (the "Disputed Documents"). The letter referenced the Rule 30(b)(6) Deposition scheduled for April 9, 2024, for which document production was needed. April 5 Letter at 1. On April 8, 2024, Urthbox advised that it anticipated completing production in one week and proposed scheduling a deposition for the week of April 29, 2024.[16] However, Urthbox failed to produce any additional records, despite follow-up letters from the Trustee's counsel dated

---

[15] *Letter Dated April 5, 2024*, Geiger Decl., Ex. C.

[16] Medina Decl., Ex. K.

6

April 16, 2024, and April 22, 2024. May 1 Letter at 1.[17] At a May 7, 2024 pre-trial conference, Urthbox represented that it would produce outstanding financial data by May 21, 2024.[18] However, Urthbox failed to produce any additional material.

On June 7, 2024, the Trustee filed a letter formally requesting a Local Rule 7007-1(b) conference to address motion practice under Fed. R. Civ. P. 37.[19] On June 12, 2024, the Court conducted a conference during which it ordered Urthbox to produce all outstanding discovery by June 20, 2024, and scheduled a hearing for the day after.[20]

On June 20, 2024, Urthbox sent the Trustee a letter (the "June 20 Letter")[21] attaching an Excel spreadsheet containing sales and return data from a credit card processor used for Debtor's Customer Accounts from October 2017 through April 2018. In the letter, Urthbox raised issues regarding the production of its emails and tax returns, as follows:

> Urthbox notes that it is not easily able to produce certain archived emails due to certain technical difficulties, including the age of the relevant systems, making the cost to recover such emails unduly burdensome, especially considering the information contained therein likely duplicative of emails we have already produced. *See, e.g., Zubulake v. UBS Warburg, LLC,* 217 F.R.D. 309 (S.D.N.Y. 2003). In addition, Urthbox objects to producing its corporate tax returns as they are not relevant to the case. It is well-established that tax returns are only discoverable when (1) they are relevant to the subject matter of the action and (2) there is a compelling need for the returns because the information is not otherwise readily obtainable. *See., e.g., Carmody v. Village of Rockville Centre*, CV-05-4907 (SJF) (ETB), 2007 U.S. Dist. LEXIS 50933 (E.D.N.Y. July 13, 2007)(collecting authorities). Here, neither prong of the test is met. Urthbox's tax returns are not directly relevant to this action as the information therein was presented at the entity

---

[17] *Letter Dated May 1, 2024*, ECF No. 92 ("May 1 Letter").

[18] *Minute Order*, ECF No. 93.

[19] *Letter Dated June 7, 2024*, ECF No. 94.

[20] *Order Re: Conference*, ECF No. 95.

[21] *Letter Dated June 20, 2024*, Medina Decl., Ex. N.

level, combining Urthbox's existing business with the assets obtained from Try The World. In addition, Urthbox has already produced the relevant portion of this information in its discovery to date and the raw sales data attached herein this latest production, making the production of tax returns unnecessary.

June 20 Letter.

On June 21, 2024, the Court conducted a conference to address the request for relief under Rule 37. At that hearing, the Court authorized the Trustee to bring the Motion.

**Motion**

The Trustee seeks an order: (i) granting immediate production of the archived emails and Disputed Documents; (ii) setting new definitive date(s) for the Rule 30(b)(6) Deposition following that production; and (iii) imposing sanctions that "include a presumption for trial or in any dispositive motion concerning this matter that the value of transfers made to Urthbox by the Debtor as not less than $1,222,000.00 . . . and striking Urthbox's affirmative defenses and [C]ounterclaim." Motion ¶ 28.

The Trustee argues that the Disputed Documents are relevant to the matters at issue in the adversary proceeding. Motion ¶¶ 30–32; Reply at 4–5. In particular, he says that the key factual dispute in this proceeding is whether Urthbox gave and the Debtor received sufficient "value," or "reasonably equivalent value" or "fair consideration" for the Acquired Assets. Reply at 4. He maintains that Urthbox fails to offer proof that the Debtor mispresented the value of its assets. Motion ¶ 30. The Trustee asserts that the Disputed Documents are plainly relevant to the valuation issues and should be produced.

The Trustee argues that Urthbox waived its objections to the production of the Disputed Documents because it repeatedly represented to the Court and counsel that it would produce the information sought in those documents, and because its "boilerplate nonspecific objections" to the

8

Document Request fail to satisfy Rule 34 standards. Motion ¶¶ 33–34; Reply at 6–7. He also contends that Urthbox's failure to produce all of its emails since June of 2018 is inexcusable because Urthbox has been on notice of its need to preserve evidence, including its emails. He asserts that Urthbox has failed or refused to provide competent evidence of "technical difficulties" or the "age of the relevant systems" which makes production "unduly burdensome," as required by Rule 26. Reply at 7.

Finally, the Trustee contends that sanctions under Rule 37 are warranted because Urthbox's noncompliance with his discovery requests was willful and there are no lesser efficacious sanctions than those requested. *Id.* ¶ 35. The Trustee says that the Supreme Court has recognized that for such noncompliance, certain facts can be "taken to be established for the purposes of the action." *Id.* ¶ 36 (quoting *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 764 (1980)). He says the Court should grant a "presumption that the value of the transfers made to Urthbox by the Debtor are not less than $1,222,000.00 (the total of all consideration to be paid under the APA) and strik[e] Urthbox's affirmative defenses and counterclaim." *Id.*

**Opposition**

Urthbox says that it "ran search terms across its readily-available electronically stored information, reviewed the hits and produced all documents located by this process that were responsive to the Trustee's document requests," which included "sales data, records of expenses incurred, email correspondence and other data." Objection at 3. It denies that the Trustee specified what financial information and accounting records he required. *Id.* at 4. It maintains that its document production in this case has been substantial, *id.*, and includes complete sales data for the period between October 1, 2017, and April 30, 2018, *id.* n.1.

9

Urthbox argues that the remaining requests for the Disputed Documents are overbroad and unwarranted on the facts of this case because the Trustee has not articulated any basis for why his Document Request should continue beyond April 30, 2018 to the present day. *Id.* at 4. It maintains that the lack of a date restriction on the Disputed Requests is "particularly unreasonable" because under the earn-out provisions of the APA, no compensation is due for anything that occurs after April 30, 2018. *Id.* at 5.[22]

Urthbox complains that the Trustee did not specifically request its tax returns in the Document Request. *Id.* at 5. It contends that the "tax returns were first specifically requested in an April 5, 2024 letter," *id.* at 5 n.2, and so it did not have "fair notice that tax returns were sought until well into the meet and confer process," *id.* at 5. Urthbox objects to the production of its tax returns because the Trustee cannot demonstrate a compelling need for those documents, since Urthbox has already produced business records to the Trustee. It also argues that the tax returns do not contain relevant information because they do not distinguish between the business revenues on account of the Acquired Assets and Urthbox's legacy business. *Id.* at 5–6.

Urthbox objects to the production of archived emails, "due to certain technical difficulties, including the age of the relevant systems, making the cost to recover such emails unduly burdensome." *Id.* at 6. Urthbox also asserts that the information contained within its archived emails is duplicative of emails it previously produced. *Id.*

---

[22] Urthbox contends that the fraudulent-transfer lookback period "covers the two years preceding" the Petition Date, and so "financial and accounting records after that date are irrelevant." Opposition at 5. The Court disagrees. The two-year "look back" period in section 548(a)(1)(B) is a statute of limitations barring challenges to transfers that occurred more than two years prior to the petition date. It limits the universe of avoidable transactions; it does not cap discovery to materials created within the two-year period.

10

Finally, Urthbox contends that sanctions are not warranted, and that, in any event, the Trustee's proposed sanctions are excessively harsh. *Id.* at 6–8.

## Discussion

**The Trustee's Request to Compel Document Production**

Under Rule 34(a), "[a] party may serve on any other party a request within the scope of [Federal] Rule 26(b) . . . to produce and permit the requesting party . . . to inspect . . . any designated documents or electronically stored information." Fed. R. Civ. P. 34(a)(1)(A).[23] Rule 34 "requir[es] production of documents 'in the responding party's possession, custody or control.'" *In re Lozano*, 392 B.R. 48, 53 (Bankr. S.D.N.Y. 2008) (quoting Fed. R. Civ. P. 34(a)(1)). However, a party's discovery requests under Rule 34 are limited by Rule 26(b). *See Aviles v. S&P Glob., Inc.*, No. 17-cv-2987, 2021 WL 2077932, at *4 (S.D.N.Y. May 24, 2021) ("Rule 26(b) therefore cabins the information that can be obtained through Rule 34(a) to information that is relevant to the claims and defenses in the case and that is otherwise proportional to the needs of the case"). Thus, Rule 34 obligates a party "to produce information that is relevant and responsive." *United States v. Dobco Inc.*, No. 22-cv-9599, 2023 WL 5302371, at *4 (S.D.N.Y. Aug. 17, 2023).

Rule 26(b)(1) defines the scope of discovery broadly, allowing parties to "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1).[24] Courts interpret relevance under Rule 26 expansively, encompassing "any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Rapid-Am. Corp. v. Travelers Cas. &*

---

[23] Rule 34 is made applicable by Bankruptcy Rule 7034.

11

*Sur. Co. (In re Rapid-Am. Corp.)*, No. 15-01095, 2018 WL 882398, at *4 (Bankr. S.D.N.Y. Feb. 12, 2018) (quoting *Evans v. Calise*, No. 92-cv-8430, 1994 WL 185696, at *1 (S.D.N.Y. May 12, 1994)). Accordingly, information "is relevant if: '(a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." *Vaigasi v. Solow Mgmt. Corp.*, No. 11-cv-5088, 2016 WL 616386, at *11 (S.D.N.Y. Feb. 16, 2016) (quoting Fed. R. Evid. 401).

Accounting Records and Financial Statements

In contesting production of the Disputed Documents, Urthbox focuses on the seven-month earn-out period under the APA. Since the last payment under those provisions was calculated as of April 30, 2018, it maintains that documents generated after that date are not relevant to the Adversary Proceeding. Opposition at 4–5. However, Urthbox disregards the plain language of Rule 26(b) and the claims asserted by the Trustee in the Amended Complaint. The Document Requests fit comfortably within Rule 26(b) because, without limitation, the accounting records and financial statements are relevant to the claims asserted by the Trustee.

For example, in the Amended Complaint, the Trustee asserts claims to avoid and recover fraudulent transfers under section 548(a)(1)(B) of the Bankruptcy Code (Count Four), and sections 271–73, 278 (Count Six) and voidable transfers under section 274 (Count Seven) of the New York's Debtor and Creditor Law ("NY DCL"). The creditor's alleged failure to pay "fair consideration" or "equivalent value" is an element under each of those claims. !!*See, e.g.*, *In re Waterford Wedgewood USA, Inc.*, 500 B.R. 371, 381 (Bankr. S.D.N.Y. 2013) (noting that the elements of a claim under section 548(a)(1) includes that "the debtor received less than a reasonably equivalent value for the interest transferred"); *In re Kosoff PLLC*, No. 22-01158, 2024 WL 1715011, at *5 (Bankr. S.D.N.Y. April 19, 2024) ("The Second Circuit has instructed that

12

under the DCL, a conveyance by a debtor may be deemed constructively fraudulent if, among other things, it is made without "fair consideration." (quoting *In re Sharp Int'l Corp.*, 403 F.3d 43, 53 (2d Cir. 2005))); *In re Nanobeak Biotech Inc.*, 656 B.R. 350, 362 (Bankr. S.D.N.Y. 2024) (an element of a claim under section 274 is that the transfer is made "without fair consideration"); *Wansdown Props. Corp. N.V. v. Azari (In re Wansdown Props. Corp. N.V.)*, 647 B.R. 23, 35–36 (Bankr. S.D.N.Y. 2022) (explaining that the issue of the valuation of the Debtor's primary asset "directly informs the section 274 analysis").

In applying the fraudulent conveyance provisions under the Bankruptcy Code and NY DCL, courts consider the totality of the circumstances underlying the subject transfer in assessing the adequacy of the consideration paid to the debtor. Under the NY DCL, "fair consideration" is given for property or an obligation "[w]hen in exchange for such property, or obligation, as a fair equivalent therefor, and in good faith, property is conveyed or an antecedent debt is satisfied." NY DCL § 272(a). "[T]he assessment of fair equivalent value requires a court to compare the rough values of what was given and what was received in exchange." *Chen v. New Trend Apparel, Inc.*, 8 F. Supp. 3d 406, 448–49 (S.D.N.Y. 2014). In making that assessment, a court must consider "the facts and circumstances of each particular case." *Id.* (quoting *Commodity Futures Trading Comm'n v. Walsh*, 951 N.E.2d 369, 377 (N.Y. 2011)).

Although the Bankruptcy Code defines "value" for purposes of section 548(d)(2)(A), it does not define "reasonably equivalent value."[25] "Whether a transfer is for reasonably equivalent value is largely a question of fact, the determination of which perforce depends on all the

---

[25] "Value" is defined in section 548(d)(2)(A) as "property, or satisfaction or securing of a present or antecedent debt of the debtor, but does not include an unperformed promise to furnish support to the debtor or to a relative of the debtor."

13

circumstances surrounding the transaction." *Am. Tissue Inc. v. Donaldson, Lufkin & Jenrette Secs. Corp.*, 351 F. Supp. 2d 79, 105–06 (S.D.N.Y. 2004) (citing *Jackson v. Mishkin (In re Adler, Coleman Clearing Corp.)*, 263 B.R. 406, 466 (S.D.N.Y. 2001)). "Value is present if the debtor receives a fair equivalent in exchange for its property or obligation." *Id.* at 308 (citing *HBE Leasing Corp. v. Frank*, 48 F.3d 623, 638 (2d Cir. 1995)).

"Because fraudulent conveyance laws are intended to protect a debtor's creditors, the analysis of reasonable value must be determined from the creditors' standpoint." *In re Waterford Wedgwood USA, Inc.*, 500 B.R. at 381 (citing *Peltz v. Hatten*, 279 B.R. 710, 736 (D. Del. 2002)). The "raw sales data" that Urthbox says fulfills the Document Requests does not suffice. The revenue that Urthbox received on account of the Customer Accounts is relevant to an assessment of the Trustee's fraudulent transfer claims in the Amended Complaint under both the Bankruptcy Code and NY DCL.

The Court overrules the objection and directs Urthbox, on or before October 15, 2024, to produce accounting records and financial statements concerning Urthbox's sales generated through the Customer Accounts from or after September 30, 2017, through the present.

Emails

Urthbox produced emails in response to the Document Request. In its June 20, 2024 letter, Urthbox wrote to the Trustee that there are "certain archived emails" that it "is not easily able to produce" because of "the age of the relevant systems, making the cost to recover such emails unduly burdensome, especially considering the information contained therein [is] likely duplicative of emails we have already produced." June 20 Letter. In opposing the production of "archived emails," Urthbox tracks the language in the June 20 letter. It argues that:

14

> Urthbox is entitled to object to the production of archived emails due to certain technical difficulties, including the age of the relevant systems, making the cost to recover such emails unduly burdensome, especially considering the information contained therein is likely duplicative of emails it previously produced.

Opposition at 6.

Under Rule 26, the scope of discovery extends to any matter relevant to a party's claim or defense and "proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). Under this rule, a party need not provide discovery from sources "that [it] identifies as not reasonably accessible because of undue burden or cost," but it bears the burden of showing "that the information is not reasonably accessible because of undue burden or cost"; even if it meets that burden, "the court may nonetheless order discovery from such sources if the requesting party shows good cause." Fed. R. Civ. P. 26(b)(2)(B).

Urthbox plainly has not met its burden under Rule 26(b) because it has submitted no evidence in support of the Opposition. Moreover, it did not identify the subject emails, the timeframe in which they were sent, or the number of emails at issue. It has not substantiated the so-called "technical difficulties, including the age of the relevant systems," or demonstrated that the "cost to recover such emails is unduly burdensome." Finally, it has not shown those emails are "duplicative of emails it previously produced." The Court overrules Urthbox's objection and directs that on or before October 15, 2024, Urthbox produce archived emails from and after September 30, 2017, through the present.

15

Tax Returns

The Court rejects the Trustee's assertion that Urthbox waived its objections to the production of the tax returns. *See* Motion ¶ 33. The Document Request does not specifically request the production of the tax returns. As relevant, it calls for production of "[a]ll Documents and Communications relating to money received as a result of Your use of the Acquired Assets." Document Request No. 10. The Trustee did not specifically request the tax returns until April 2024. *See* April 5, 2024 Letter. Urthbox has not waived its objections to the production of the tax returns.

Courts scrutinize requests to compel production of income tax returns carefully because of "the 'private nature of the sensitive information contained therein'" and "the public interest in encouraging the filing by taxpayers of complete and accurate returns." *Chen v. Republic Rest. Corp.*, No. 07-CV-3307, 2008 WL 793686 at *2 (S.D.N.Y. Mar. 26, 2008) (quoting *Smith v. Bader*, 83 F.R.D. 437, 438 (S.D.N.Y. 1979)); *accord Carmody v. Vill. of Rockville Ctr.*, No. cv-05-4907, 2007 WL 2042807, at *2 (E.D.N.Y. July 13, 2007). To compel production of tax returns, a two-part test must be satisfied: "first, the court must find that the returns are relevant to the subject matter of the action; and second, that there is a compelling need for the returns because the information contained therein is not otherwise readily obtainable." *Hawkins v. MedApproach Holdings, Inc.*, 326 F.R.D. 391, 393 (S.D.N.Y. 2018) (quoting *Rosas v. Alice's Tea Cup, LLC*, 127 F. Supp.3d 4, 11 (S.D.N.Y. 2015)); *accord Carmody*, 2007 WL 2042807, at *2. "The modern trend places the burden on the party seeking the discovery to establish both prongs of this test." *Engineers Construction, Inc. v. Construction Contracting & Maintenance LLC*, 21-CV-00239, 2023 WL 8622052, at * 4 (S.D.N.Y. Nov. 9, 2023) (quoting *Melendes v. Primavera Meats, Inc.*, 270 F.R.D. 143, 144 (E.D.N.Y. 2010)).

16

The Trustee states that the tax returns are "highly relevant to the issues of fair value and valuation in this case." Motion ¶ 34. However, he has not attempted to make that showing. It is clear that he cannot do so because Urthbox's tax returns do not separately account for the revenues generated through the Customer Accounts or other Acquired Assets. Opposition at 5–6. Further, the Trustee's simultaneous request to Urthbox for financial statements and accounting records beyond April 2018 undermines his contention that he has a compelling need for the tax returns. *Carmody*, 2007 WL 2042807 at *2. The existence of these financial records suggests that the requested information is "otherwise readily obtainable" through other means. The Trustee has failed to demonstrate either that the tax returns are relevant to his claims in the Amended Complaint, or that he has a compelling need for them. The Court denies the Trustee's request to compel production of Urthbox's tax returns.

Deposition Date

The Trustee also requests that the Court "set[] new definitive date(s) for Urthbox's 30(b)(6) deposition following" of additional documents. Motion ¶ 28. The Court will not intervene to schedule a deposition date at this time. Once Urthbox completes its document production, the parties will agree to a date for the Rule 30(b)(6) Deposition.

**The Trustee's Request for Sanctions**

Under Rule 37(a), a party may move to compel discovery when the opposing party fails to comply with its discovery obligations. Fed. R. Civ. P. 37(a). If a court grants the motion, and the producing party fails to obey it, Rule 37(b) empowers courts to issue "just orders" as sanctions. Fed. R. Civ. P. 37(b). These discovery sanctions can establish certain facts as true, prohibit the noncompliant party from supporting specific claims or defenses, or strike pleadings in whole or part. Fed. R. Civ. P. 37(b)(2)(A)(i)–(iii).

17

Rule 37(d) extends the court's sanctioning power where a party does not disobey a discovery order, but simply fails to respond to document requests. Fed. R. Civ. P. 37(d). This provision allows for the same types of sanctions as those available under Rule 37(b). "Rule 37(d) sanctions are available when 'a party, after being properly served with' a request for production under Rule 34, fails to serve its answers, objections, or written response.'" *Howard Univ. v. Borders*, No. 20-cv-04716, 2022 WL 3568477, at *4 (S.D.N.Y. Aug. 14, 2022) (quoting Fed. R. Civ. P. 37(d)). "As a general matter, if a party serves a response, but yet refuses to produce responsive documents, the proper remedy is a motion to compel." *Id.* (citing *Scantibodies Lab., Inc. v. Church & Dwight Co.*, No. 14-cv-2275, 2016 WL 11271874, at *17 n.15 (S.D.N.Y. Nov. 4, 2016), *report and recommendation adopted*, 2017 WL 605303 (S.D.N.Y. Feb. 15, 2017)).

When evaluating whether Rule 37 sanctions are appropriate, courts consider several factors, including the willfulness of noncompliance, the efficacy of lesser sanctions, the duration of noncompliance, and whether the non-compliant party was warned of potential consequences. *World Wide Polymers, Inc. v. Shinkong Synthetic Fibers Corp.*, 694 F.3d 155, 159 (2d Cir. 2012). While courts have broad discretion in choosing appropriate sanctions, they must balance the need to address discovery violations with the severity of the sanction imposed; the sanction must be proportionate to the discovery violation at hand. *McHale v. 1–15 Hartsdale Ave. Corp. (In re 1031 Tax Grp., LLC)*, No. 09-01215, 2010 WL 2851300, at *6 (Bankr. S.D.N.Y. July 16, 2010).

Sanctions are not appropriate here. First, the Document Request did not specifically mention the three categories of document named for the first time in the April 5 Letter, i.e., the income tax returns, the financial statements, and the accounting records. *Howard Univ.*, 2022 WL 3568477, at *4. Where a party does not serve a Rule 34 request for production of a material, it has "failed to satisfy the necessary condition precedent for Rule 37(d) sanctions." *Id.*; *cf. Fleurimond*

18

*v. New York Univ.*, No. CV 09-3739, 2011 WL 3273876, at *5 (S.D.N.Y. July 29, 2011) (denying Rule 37 sanctions for failure to produce documents about general revenue where a "reasonable reading" of the movant's discovery demands reflected that she requested only narrower information about revenue from a particular item).

Second, the record reflects that Urthbox promptly objected to the Document Request. *See* Document Request Response. Subsequently, in multiple joint status letters, in response to the Trustee's assertion that discovery was outstanding, Urthbox reiterated its position that it was not required to produce any further materials. Rule 37(d)(1)(A)(ii) allows for sanctions only where a party "fails to serve its answers, objections, or written response." Fed. R. Civ. P. 37(d)(1)(A)(ii). That is not the case here. Urthbox has substantively responded to the Rule 34 request for production in writing through its Document Request Response. Likewise, to the extent that the April 5 Letter constituted a new request for materials, the June 20 Letter clearly objects to any such request in writing. June 20 Letter at 1. "Only a complete failure to respond satisfies Rule 37(d)." *Haakonsen v. City of New York*, No. 88-cv-8461, 1990 U.S. Dist. LEXIS 2616, at *5 (S.D.N.Y. Mar. 9, 1990) (magistrate judge's order), *objections overruled*, 1990 WL 100877 (S.D.N.Y. July 13, 1990) (rejecting Rule 72(a) objections and denying appeal).

The Court denies the Trustee's request for sanctions under Rule 37.

## Conclusion

Based on the foregoing the Court grants the Motion in part and denies it in part. The Court directs Urthbox, on or before October 15, 2024, to produce accounting records and financial statements concerning Urthbox's sales generated through the Customer Accounts, and archived emails, all from or after September 30, 2017 through the present. The Court denies the Trustee's

19

request to direct Urthbox to produce its tax returns and denies the Trustee's request for sanctions pursuant to Rule 37. The parties shall confer on the scheduling of the Rule 30(b)(6) Deposition.

IT IS SO ORDERED.

Dated: September 12, 2024
New York, New York

/s/ *James L. Garrity, Jr.*
Honorable James L. Garrity, Jr.
United States Bankruptcy Judge

20