UNITED STATES BANKRUPTCY COURT  
SOUTHERN DISTRICT OF NEW YORK  

NOT FOR PUBLICATION

------------------------------------------------------------------x

| | | |
|---|---|---|
| In re: | : | Chapter 7 |
|     Try the World, Inc., | : | |
| | : | |
|                         Debtor. | : | Case No. 18-11764 (JLG) |

------------------------------------------------------------------x

| | | |
|---|---|---|
| John S. Pereira, as Chapter 7 Trustee for the estate of Try the World, Inc., | : | |
| | : | |
|                         Plaintiff, | : | |
| | : | |
| v. | : | Adv. P. No.: 20-01013 (JLG) |
| | : | |
| Urthbox, Inc., Katerina Vorotova, David Emmanuel, and John Does, 1, 2, 3, | : | |
| | : | |
|                         Defendants. | : | |

------------------------------------------------------------------x

**MEMORANDUM DECISION AND ORDER GRANTING THE TRUSTEE'S REQUEST FOR LEAVE TO FILE A MOTION FOR SUMMARY JUDGMENT**

**A P P E A R A N C E S :**

THE LAW OFFICES OF THEODORE GEIGER, PLLC  
*Counsel to Urthbox, Inc.*  
477 Madison Ave., 6th Floor  
New York, NY 10022  
By:    Theodore S. Geiger

MEDINA LAW FIRM LLC  
*Counsel to the Chapter 7 Trustee John S. Pereira*  
641 Lexington Avenue, 13th Floor  
New York, NY 10022  
By:    Eric S. Medina

**HON. JAMES L. GARRITY, JR.**
**U.S. BANKRUPTCY JUDGE**

### INTRODUCTION[1]

The matter before the Court is the Trustee's request under Local Bankruptcy Rule 7056-1 for leave to file a motion for summary judgment on Counts Four, Six and Eleven of the Amended Complaint, including related Affirmative Defenses asserted by Urthbox (the "SJ Motion"). Urthbox objects to the request. The parties submitted letters in support of their respective positions, and the Court heard arguments from the parties. For the reasons stated herein, the Court overrules the objection and grants the Trustee leave to file the SJ Motion. The Court directs the parties to submit a joint scheduling order.

### JURISDICTION

The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334 and 157(a) and (b)(1) and the Amended Standing Order of Reference dated January 31, 2012 (Preska, C.J.). This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

### BACKGROUND

On June 9, 2018 (the "Petition Date"), Try The World, Inc. (the "Debtor" or "TTW") filed a voluntary petition for relief under chapter 7 of title 11 of the United States Code ("the Bankruptcy Code") herein.[2] On June 11, 2018, John S. Pereira was appointed as chapter 7 trustee of the Debtor's estate (the "Trustee") and continues to serve in that capacity.[3] The Debtor formerly operated a subscription-based, as well as a "one-time purchase," snack food box delivery service. Urthbox Inc. ("Urthbox") is a snack subscription company. Less than one year prior to the Petition

---

[1] Capitalized terms have the meanings ascribed to them herein.

[2] *Voluntary Petition for Non-Individuals Filing for Bankruptcy*, ECF No. 1.

[3] Docket Entry for June 11, 2018, *In re Try the World, Inc.*, No.18-11764, (Bankr. S.D.N.Y. filed June 6, 2018).

2

Date, pursuant to that certain Asset Purchase Agreement dated September 30, 2017 (the "APA"), the Debtor transferred substantially all its assets (the "Acquired Assets") to Urthbox (the "Asset Transfers").

**The Adversary Proceeding**

The Trustee contends that the APA was structured to defraud the Debtor's creditors. As the Amended Complaint[4] applies to Urthbox, the Trustee seeks to avoid and preserve the Asset Transfers under the APA as fraudulent transfers of estate property, and to recover the Acquired Assets or their value from Urthbox. Alternatively, he seeks to recover damages occasioned by Urthbox's alleged breach of the APA, and its alleged unjust enrichment through its use of the Acquired Assets after the APA closed. The Trustee also seeks an accounting from Urthbox.[5]

Urthbox timely served and filed its response to the Amended Complaint.[6] It includes general denials to the principal allegations of the Amended Complaint, five affirmative defenses (the "Affirmative Defenses"),[7] and a six-count counterclaim against TTW (the "Counterclaim").

---

[4] *First Amended Complaint*, AP ECF No. 18 (the "Amended Complaint").

[5] The Amended Complaint includes the following nine claims against Urthbox: (i) Count One—Avoidance of Fraudulent Transfers pursuant to sections 544(b) and 551 of the Bankruptcy Code, Amended Complaint ¶¶ 40-47; (ii) Count Three—Avoidance of Fraudulent Transfers pursuant to sections 548, 550 and 551 of the Bankruptcy Code, *id.* ¶¶ 57-62; (iii) Count Four—Avoidance and Recovery of Constructive Fraudulent Transfers pursuant to section 548 and 550 of the Bankruptcy Code, *id.* ¶¶ 63-67; (iv) Count Five—Disallowance of Claims pursuant to section 502(d) of the Bankruptcy Code, *id.* ¶¶ 68-71; (v) Count Six—Avoidance and Recovery of Voidable Transfers pursuant to section 544(b)(1) and 550 of the Bankruptcy Code and sections 271-73, section 278 of the New York Debtor & Creditor Law, *id.* ¶¶ 72-76; (vi) Count Seven—Avoidance and Preservation of the Transfer of the Debtor's Assets pursuant to section 274 of the New York Debtor and Creditor Law, *id.* ¶¶ 77-81; (vii) Count Eight—Breach of Contract; (viii) Count Nine—Unjust Enrichment; (ix) Count Eleven—Accounting and Turnover of asserts under section 542(a) of the Bankruptcy Code.

[6] *Answer of Urthbox, Inc. to First Amended Complaint and Counterclaim Against Debtor*, AP ECF No. 46 (the "Urthbox Answer").

[7] Urthbox purports to assert the following Affirmative Defenses**:** (i) the Complaint fails to state any claim upon which relief can be granted; (ii) the claims set forth in the Complaint are barred in whole or in part under the doctrine of unclean hands; (iii) the claims set forth in the Complaint are barred in whole or in part because Urthbox acted in good faith and paid reasonably equivalent value for the assets it received; (iv) the claims set forth in the Complaint are barred in whole or in part under the doctrines of waiver and estoppel; and (v) the claims set forth in the Complaint are barred in whole or in part due to Debtor's own breaches of the APA. *See* Urthbox Answer at pp. 9-10.

As support for the Counterclaim, Urthbox contends that it "entered into an arms-length agreement with TTW on what it thought would be mutually beneficial terms," but soon discovered that "[r]ather than purchasing a set of satisfied customers served by a strong core of vendors and suppliers, [it] found itself saddled with undisclosed debts and assets that had been grossly mismanaged." Counterclaim ¶ 1. Urthbox alleges that it "wound up having to pay far more than anticipated to salvage the assets purchased from TTW," and that in the Counterclaim, it "seeks recompense, both directly and in the form of a setoff against any amounts it allegedly owes to TTW's estate." *Id*. Urthbox maintains that as a consequence of TTW's alleged wrongdoing, thus far, it has incurred damages of at least $1,817,323. *Id.* ¶ 38. In the Counterclaim, Urthbox purports to assert claims against TTW for: (i) fraudulent misrepresentation, *id.* ¶¶ 41-47; (ii) negligent misrepresentation, *id.* ¶¶ 48-53; (iii) fraudulent inducement, *id.* ¶¶ 54-60; (iv) breach of contract, *id.* ¶¶ 61-65; (v) contractual indemnification, *id.* ¶¶ 66-70; and (vi) setoff pursuant to 11 U.S.C. § 553(a) and Cal. Code Civ. Proc., § 431.70, *id.* ¶¶ 71-75.

**The Sanctions Order**

On September 12, 2024 the Court directed Urthbox to produce accounting records, financial statements, and archived emails concerning its sales generated through certain customer accounts for the period from September 30, 2017, through the present. *See* Discovery Order[8] at 19-20. Urthbox failed to comply with the Discovery Order. On January 17, 2025, the Court granted the Trustee's Renewed Sanctions Motion[9] and imposed an adverse inference that "Urthbox

---

[8] *See Memorandum Decision And Order Resolving [Trustee's] Motion To Compel Discovery And For Sanctions*, AP ECF No. 106 (the "Discovery Order").

[9] *Trustee's Briefing in Furtherance of Urthbox's Violation of September 12, 2024 Decision and Order*, AP ECF No. 114 (the "Renewed Sanctions Motion").

4

received transfers of money and property from TTW which are, at minimum, valued at $1,222,000." Sanctions Order[10] at 29.

**Trustee Request for Leave to File Motion for Partial Summary Judgment**

In a letter to the Court dated May 5, 2025 (the "May 5 Letter"),[11] the Trustee argued that summary judgment is warranted under Counts Four, Six, and Eleven of the Amended Complaint. Pursuant to Local Bankruptcy Rule 7056-1(a),[12] he requested leave to proceed with a proposed stipulation setting a briefing schedule for the SJ Motion. May 5 Letter at 1.

During a status conference on May 6, 2025, counsel for Urthbox objected to the request. The Court adjourned its consideration of the request pending its receipt of additional correspondence from the parties. By letter dated May 7, 2025 (the "May 7 Letter"),[13] the Trustee timely supplemented the May 5 Letter. By letter dated May 14, 2025 (the "Urthbox Letter"),[14] Urthbox timely responded to the May 5 and May 7 Letters. On May 21, 2025, the Trustee timely replied to the Urthbox Letter (the "May 21 Letter").[15] The Court summarizes those submissions below.

---

[10] *See Memorandum Decision and Order Resolving Urthbox's Renewed Motion for Sanctions*, AP ECF No. 119 (the "Sanctions Order").

[11] *May 5, 2025 Letter to Court*, AP ECF No. 124.

[12] Local Bankruptcy Rule 7056-1(a) states, as follows:

> Unless the Court orders otherwise, no party shall file a motion for summary judgment without first seeking a pre-motion conference. The request for a pre-motion conference shall be made by letter, filed with the Court, on the docket of the case, and served on all other parties setting forth the issues to be presented in the motion and the grounds for relief. Unless the Court otherwise directs, the letter shall not exceed two pages in length.

Local Bankruptcy Rule 7056-1(a).

[13] *Letter /Supplement to Plaintiff Trustee's Request Made Pursuant to L.B.R.7056-1*, AP ECF No. 125.

[14] *Letter Response to Pre-Motion Letter*, AP ECF No. 127.

[15] *Reply in Further Support of Request for Summary Judgment Motion Briefing*, AP ECF No. 128.

5

**Trustee's May 7 Letter**

The Trustee contends that the Court should grant him leave to file the SJ Motion because based upon the undisputed facts of record, Counts Four, Six and Eleven have merit, and because Urthbox cannot proceed with the Counterclaim. The Court briefly reviews those Counts and the Trustee's arguments in support of the motion.

### *Count Four*

In Count Four of the Amended Complaint, the Trustee seeks to avoid and recover the Asset Transfers under the APA as constructively fraudulent transfers under sections 548(a)(1)(B) and 550 of the Bankruptcy Code, respectively. *See* Amended Complaint ¶¶ 63-67. To establish the elements of a constructively fraudulent transfer under section 548(a)(1)(B), the Trustee must demonstrate that: (1) TTW had an interest in the Acquired Assets; (2) the Asset Transfers occurred within two years of the Petition Date; (3) TTW was insolvent at the time of the transfers or became insolvent as a result of the transfers; and (4) TTW received less than reasonably equivalent value in exchange for the Acquired Assets. 11 U.S.C. § 548(a)(1)(B)(i) & (ii)(I).[16]

The Asset Transfers occurred within two years of the Petition Date. The Trustee says that he will demonstrate that TTW transferred virtually all its operating assets (which the Sanctions

---

[16] As relevant, section 548(a)(1)(B) states, as follows:

The trustee may avoid any transfer . . . of an interest of the debtor in property, . . . that was made or incurred on or within 2 years before the date of the filing of the petition, if the debtor voluntarily or involuntarily— . . .

   (B)
      (i) received less than a reasonably equivalent value in exchange for such transfer or obligation; and
      (ii)
         (I) was insolvent on the date that such transfer was made or such obligation was incurred, or became insolvent as a result of such transfer or obligation;

         (II) was engaged in business or a transaction, or was about to engage in business or a transaction, for which any property remaining with the debtor was an unreasonably small capital [.]

6

Order establishes had a value of at least $1.2 million) to Urthbox for no more than $196,713.00 in actual payments under an earnout provision in the APA that Urthbox admits was never satisfied, and that TTW's financial statements show liabilities exceeding $2.6 million, including more than $1.2 million in deferred subscription revenue, at the time of the transfer, and that it ceased operations shortly thereafter. May 7 Letter at 2. Moreover, he contends the record establishes either balance-sheet insolvency or inadequate capitalization, both of which independently support constructive fraudulent transfer under § 548(a)(1)(B)(ii)(I) and (II). *Id.* Accordingly, the Trustee argues that the Court should grant him leave to seek summary judgment on Count Four.

***Count Six***

In Count Six of the Amended Complaint, the Trustee seeks to avoid and recover the Asset Transfers under the APA as constructively fraudulent transfers under sections 271-273 and 278 of the New York Debtor and Creditor Law (the "NYDCL"),[17] and sections 544(b) and 550 of the Bankruptcy Code. *See* Amended Complaint ¶¶ 72-76.

Under NYDCL § 273, "[e]very conveyance made and every obligation incurred by a person who is or will be thereby rendered insolvent is fraudulent as to creditors without regard to his actual intent if the conveyance is made or the obligation is incurred without a fair consideration." N.Y. Debt. & Cred. Law § 273. A debtor's conveyance is thus "deemed constructively fraudulent" under section 273 only if two separate elements are satisfied: first, "it is made without 'fair consideration,'" and second, "the transferor is insolvent or will be rendered

---

[17] All statutory references to New York Debtor and Creditor Law will be to "NYDCL § (section number)." NYDCL Article 10 (§§ 270-281) is New York's codification of the Uniform Fraudulent Conveyance Act ("NY UFCA"). In 2020, New York enacted the Uniform Voidable Transactions Act ("NY UVTA," 2019 N.Y. Laws 580). The NY UVTA is expressly not retroactive and applies only to transfers made or obligations incurred on or after its effective date of April 4, 2020. NY UVTA § 7. The APA closed in June 2018 – prior to NY UVTA's effective date. Accordingly, the NY UFCA governs the Asset Sale. *See KeyBank Nat'l Ass'n v. Deen*, No. 21-CV-8509 (ER), 2024 WL 641688, at *3 (S.D.N.Y. Feb. 15, 2024).

insolvent by the transfer in question." *In re Sharp Int'l Corp.*, 403 F.3d 43, 53 (2d Cir. 2005); *see also Capital Distributions Servs., Ltd. v. Ducor Express Airlines, Inc.,* 440 F.Supp.2d 195, 203 (E.D.N.Y. 2006) ("[I]f a conveyance is made without fair consideration and the transferor is a debtor who is insolvent or will be rendered insolvent by the transfer, the conveyance is deemed constructively fraudulent.") (citing N.Y. Debt. & Cred. Law § 273). For these purposes, "[f]air consideration is given for property, or obligation ... [w]hen in exchange for such property, or obligation, as a fair equivalent therefor, and in good faith, property is conveyed or an antecedent debt is satisfied." NYDCL § 272(a); *see also In re Cambridge Capital, LLC.,* 331 B.R. 47, 63 (Bankr. E.D.N.Y. 2005) ("[F]air consideration' has two components. These are the fair equivalency of the consideration given and good faith.").

A transfer can be constructively fraudulent "regardless of the intent of the transferor." *In re Sharp Int'l Corp.*, 403 F.3d at 53 (citing *HBE Leasing Corp. v. Frank*, 48 F.3d 623, 633 (2d Cir. 1995)). To establish grounds for relief under NYDCL § 273, the Trustee must demonstrate that the TTW transferred the Acquired Assets to Urthbox, without fair consideration, and was rendered insolvent or left undercapitalized by the transfer. The Trustee argues that the record is clear that the TTW received less than "fair consideration" under the Asset Sale and that the TTW was insolvent or left undercapitalized by the Asset Sale. May 7 Letter at 2. Accordingly, he contends that the Court should grant him leave to seek summary judgment on Count Six.

***Count Eleven***

In Count Eleven of the Amended Complaint, the Trustee seeks turnover of estate property under section 542(a)[18] of the Bankruptcy Code. To establish right to turnover of property under

---

[18] Section 542(a) provides, as relevant:

> an entity, other than a custodian, in possession, custody, or control, during the case, of property that the trustee may use, sell, or lease under section 363 of this title, or that the debtor may exempt under

8

20-01013-jlg    Doc 133    Filed 06/02/25    Entered 06/02/25 21:06:58    Main Document
Pg 9 of 18

section 542(a), the Trustee must demonstrate: "'(1) the property is in the possession, custody or control of another entity; (2) the property can be used in accordance with the provisions of section 363 [of the Bankruptcy Code]; and (3) the property has more than inconsequential value to the debtor's estate.'" *In re Brizinova*, 588 B.R. 311, 327 (Bankr. E.D.N.Y. 2018) (quoting *Kramer v. Mahia (In re Khan),* 2014 WL 4956676, at *22 (Bankr. E.D.N.Y. Sept. 30, 2014). The Trustee asserts that the record clearly supports his claim that the minimum value established in the Sanctions Order of $1,222,000, plus prejudgment interest, should be turned over to the estate and its creditors. May 7 Letter at 2. Further, he contends that Urthbox cannot establish a "good faith" defense to turnover under section 548(c) because it cannot demonstrate that it gave "value" for the Acquired Assets in "good faith." Accordingly, he contends that the Court should grant him leave to seek summary judgment on Count Eleven.

### *The Counterclaim*

The Trustee argues that Urthbox's unliquidated Counterclaim is not a bar to his SJ Motion. He asserts that Urthbox has refused to provide records evidencing the expenses incurred or value provided in exchange for TTW's assets, and that the opportunity to provide evidence concerning detailed expenses that it would assert as an "offset" has long since passed and was resolved by the Sanctions Order. *Id.*

### **Urthbox Letter**

Urthbox argues that the SJ Motion is premature because it has noticed the depositions of co-defendants Katerina Vorotova and David Emmanuel Foult, the founders of TTW (the

---

section 522 of this title, shall deliver to the trustee, and account for, such property or the value of such property, unless such property is of inconsequential value or benefit to the estate.

11 U.S.C. § 542(a).

"Depositions"). Urthbox Letter at 1.[19] Urthbox anticipates that they will provide testimony regarding (i) expenses and liabilities that TTW did not disclose to Urthbox before Urthbox entered into the APA, and (ii) TTW's financial condition. *Id.* It maintains that the Court should not grant the Trustee leave to file the SJ Motion until it completes the Depositions because the anticipated testimony goes to the heart of its Counterclaim for offset and potentially to the merits of the SJ Motion. *Id.*

Urthbox contends that it retains a live counterclaim for an offset. It argues that despite the Trustee's statements to the contrary, the Sanctions Order declined to strike the Counterclaim. *Id.* (citing Sanctions Order at 20-21). Moreover, Urthbox disagrees with the Trustee's assertions that Urthbox's claims regarding undisclosed expenses and liabilities are not supported by evidence. *Id.* Urthbox maintains that the documents produced in this action and the upcoming deposition testimony will more than suffice to prove its claims for an offset.

Urthbox also denies that there is merit to SJ Motion. It contends that it is far from clear that the Count Six claims have merit. *Id.* at 1-2. It notes that the Amended Complaint does not allege a cause of action under NYDCL § 275 and thus the Trustee cannot seek summary judgment under that provision. *Id.* at 2.[20] It argues that to prevail on claims under NYDCL §§ 273 and 274, the Trustee must prove both that TTW was rendered insolvent by the Asset Sale and that Urthbox acted in good faith. *Id.* at 2 (citing *Tian v. Top Food Trading Inc.*, No. 22 Civ. 00345, 2024 WL 1051172 (E.D.N.Y., Feb. 26, 2024). It maintains that since the Trustee has neither indicated what

---

[19] The Depositions are noticed for June 6 and 9, 2025. *Id.*

[20] In the May 7 Letter, the Trustee cites to NYDCL § 275 in support of his request for leave to file the SJ Motion, although he does not cite it in the Amended Complaint.

evidence he plans to present regarding solvency nor sought to depose anyone at Urthbox regarding its good faith, it is far from clear that he can prevail on Count Six. *Id.*

Finally, Urthbox argues that it is unclear whether the Trustee can prevail on either its NYDCL or turnover claims in Count Eleven. It says there is, at a minimum, a question of fact of whether Urthbox provided reasonably equivalent value to the value of the TTW assets through its payments directly to TTW and the payments it made on account of TTW's undisclosed antecedent liabilities. *Id.*

**Trustee's May 21 Letter**

The Trustee contends that the SJ Motion is ripe for adjudication. *See* May 21 Letter at 1. He maintains that Urthbox's noticing of the Depositions is procedurally suspect, as Urthbox only determined these depositions were necessary after the Trustee submitted the May 5 Letter. *Id.* The Trustee contends that Urthbox misplaces its reliance on *Tian*, 2024 WL 1051172, because the transaction at issue in *Tian* occurred in 2022, and, in resolving the motion, the *Tian* court applied the NY UVTA, not the NY UFCA.

The Trustee also reiterates that Urthbox's assertion of the Counterclaim does not preclude summary judgment and characterizes Urthbox's position as based upon a fundamental mischaracterization of both the applicable legal standards and the record. *Id.* The Trustee argues that while the Court did not strike Urthbox's Counterclaim entirely, it imposed discovery sanctions because Urthbox withheld documentation critical to evaluating the value it received from TTW's assets, including revenue generated and expenses incurred using TTW's customers, inventory, and platform. *Id.* The Trustee contends that Urthbox cannot simultaneously withhold evidence needed to support its position and argue that material disputes of fact preclude adjudication. *Id.* (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986)).

11

**The Hearing**

On May 28, 2025, the Court conducted a hearing on these matters. The Trustee and Urthbox were represented by their respective counsel.

## LEGAL STANDARDS

Under Rule 56(a), the court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a)[21]; *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). "A genuine issue of material fact exists if 'the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Nick's Garage, Inc. v. Progressive Cas. Ins. Co.*, 875 F.3d 107, 113-14 (2d Cir. 2017) (quoting *Anderson.*, 477 U.S. at 248). "[I]t bears noting that '[s]ummary judgment is not an all-or nothing proposition.'" *In re Methyl Tertiary Butyl Ether Prods. Liab. Litig.*, 824 F.Supp.2d 524, 533 (S.D.N.Y. 2011). A party may move pursuant to Rule 56(a) for summary judgment as to an entire claim or defense, as well as "part of a claim or defense." *Id; accord In re Am. Express Anti-Steering Rules Antitrust Litig.,* 361 F. Supp. 3d 324, 334 (E.D.N.Y. 2019).

"The movant bears the burden of 'demonstrat[ing] the absence of a genuine issue of material fact.'" *Id*. at 114 (quoting *Celotex Corp.*, 477 U.S. at 323). Rule 56(d) was formerly Rule 56(f). Under Rule 56(d), "[i]f a nonmovant [on a summary judgment motion] shows ... that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer

---

[21] Rule 56(a) provides, as follows:

> (a) Motion for Summary Judgment or Partial Summary Judgment. A party may move for summary judgment, identifying each claim or defense-or the part of each claim or defense-on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. The court should state on the record the reasons for granting or denying the motion.

Fed. R. Civ. P. 56(a).

considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order." Fed. R. Civ. P. 56(d); *see also Commercial Cleaning Servs., L.L.C. v. Colin Serv. Sys., Inc.,* 271 F.3d 374, 386 (2d Cir.2001) ("Rule 56[d] provides, as interpreted by court opinions, that when a party facing an adversary's motion for summary judgment reasonably advises the court that it needs discovery to be able to present facts needed to defend the motion, the court should defer decision of the motion until the party has had the opportunity to take discovery and rebut the motion."). The Second Circuit applies the following test to assess the merits of a request for relief under Rule 56(d):

> A party resisting summary judgment on the ground that it needs additional discovery in order to defeat the motion must submit an affidavit pursuant to Federal Rule of Civil Procedure 56(d) (formerly Rule 56(f)), showing: " (1) what facts are sought and how they are to be obtained, (2) how those facts are reasonably expected to create a genuine issue of material fact, (3) what effort affiant has made to obtain them, and (4) why the affiant was unsuccessful in those efforts."

*Elliott v. Cartagena*, 84 F.4th 481, 493 (2d. Cir. 2023) (quoting *Meloff v. N.Y. Life Ins. Co.,* 51 F.3d 372, 375 (2d Cir.1995)).

The court has broad discretion in determining whether to grant leave to the Trustee under Local Rule 7056-1, to file the SJ Motion. *See Pers. v. Lemelson*, No. 90 civ. 1242, 1990 WL 144208, at *3 (S.D.N.Y. Sept. 26, 1990) ("District courts have broad discretion in interpreting, applying, and determining requirements of their own local rules."); *see also In re Galati*, No. 8-14-73159, 2016 WL 238552, at *2 (Bankr. E.D.N.Y. Jan. 19, 2016) (noting that "it is firmly established that the Court has broad discretion when addressing violations of the local rules." (internal quotation marks omitted).

13

## ANALYSIS

**Summary Judgment Motion is Not Premature**

Urthbox contends that the Depositions will include information regarding TTW's financial condition and expenses and liabilities that TTW allegedly did not disclose to Urthbox before Urthbox entered into the APA, it is premature for the Trustee to seek leave to file the SJ Motion. *See generally* Urthbox Letter at 1-2.

Count Eleven pleads a claim for turnover of estate property. The discovery Urthbox seeks from the TTW's principals appears to have no bearing on the merits of that claim. The same holds true for Counts Four and Six. Under those claims, the Trustee seeks to avoid and recover alleged constructively fraudulent transfers under the Bankruptcy Code and New York state law, respectively. At issue in those claims is the timing of the Asset Transfer, the value of the Acquired Assets, the consideration paid for these assets, and the TTW's financial condition at the time of the transfer. The Trustee represents in consideration for the Acquired Assets, Urthbox made $196,713.00 in actual payments under an earnout provision in the APA, and that the Sanctions Order fixes the value of money and property transferred by TTW to Urthbox under the Asset Sale as $1,222,000. May 7 Letter at 2. The Trustee contends that the APA closed within two years of the Petition Date and the record shows balance-sheet insolvency or inadequate capitalization. *Id.*

The only conceivably relevant defense to the fraudulent conveyance claims available to Urthbox is a "good faith" defense to Count Four under section 548(c) of the Bankruptcy Code. *See* 11 U.S.C. § 548(c); *see also In re Sharp Int'l Corp.*, 403 F.3d at 54 ("The 'good faith' in § 272 is the good faith of the transferee"); *HBE Leasing Corp. v. Frank*, 61 F.3d 1054, 1059 (2d Cir. 1995) (same). However, Urthbox seeks testimony from the TTW's principals regarding undisclosed expenses and liabilities associated with the APA. Such testimony from the transferor cannot

14

establish the transferee's good faith; hence the proposed discovery "is not reasonably likely to be of use in resisting the motion." *Hodge v. Columbia Univ. in City of New York*, No. 05 CIV. 7622, 2008 WL 2686684, at *17 (S.D.N.Y. July 2, 2008) (citing *Dixon v. Bowen*, 126 F.R.D. 483, 485-86 (S.D.N.Y. 1989)). Moreover, Urthbox's bare assertions that additional discovery is needed fail to justify denying the Trustee's leave to file the SJ Motion. Courts have held that "the mere fact that discovery remains open does not alone compel denial of plaintiff's summary judgment motion." *Waters v. Prack*, No. 9:13-CV-1437, 2015 WL 1506126, at *4 (N.D.N.Y. Mar. 31, 2015); *see also Abreu v. Farley*, No. 6:11-CV-06251, 2019 WL 1230778, at *5 (W.D.N.Y. Mar. 15, 2019) ("the lack of discovery, in and of itself, cannot justify denial of a properly supported motion for summary judgment"); *see also The Haskell Co. v. Radiant Energy Corp.*, No. 05-CV-04403, 2007 WL 2746903, at *2 (E.D.N.Y. Sept. 19, 2007) ("While the court may take into account the existence of material issues of fact and deny summary judgment as premature, the lack of discovery, per se, is not a ground to deny a conversion of which the opposing party had notice and was given ample opportunity to answer."). Instead, Urthbox's "mere assertion that there are 'several' issues of fact barring summary judgment does not by itself constitute a 'meritorious defense.'" *United Overseas Bank v. Marchand*, No. 87 CIV. 8572, 1996 WL 695902, at *8 (S.D.N.Y. Dec. 4, 1996).

Motions for partial summary judgment "are permitted but they must be conducive to the conservation of judicial resources and of benefit to the parties." *Bruschini v. Bd. of Educ. of Arlington Cent. Sch. Dist.*, 911 F. Supp. 104, 106 (S.D.N.Y. 1995) (citing *Tilcon Minerals, Inc. v. Orange and Rockland Utilities, Inc.*, 851 F. Supp. 529, 531 (S.D.N.Y. 1994)). The Court is satisfied that the Trustee has demonstrated that Counts Four, Six and Eleven are ripe for summary judgment consideration.

**The Counterclaim Does Not Preclude Summary Judgment**

The Trustee argues that Urthbox's alleged unliquidated Counterclaim does not bar entry of partial summary judgment in the estate's favor. He contends that a party asserting a counterclaim must produce evidence supporting entitlement to the claim. May 7 Letter at 2. He says that Urthbox has refused to provide records evidence demonstrating the expenses incurred or value provided in exchange for the Debtor's assets. He argues that the opportunity to provide evidence concerning detailed expenses that it would assert as an "offset" to the Trustee's claims has long since passed and resolved by the Sanctions Order. *Id.*

Urthbox disputes that contention. Urthbox contends that it retains a live counterclaim for an offset, and, notwithstanding the Trustee's statements to the contrary, the Court's expressly declined to strike the Counterclaim. Urthbox's Letter at 1. It maintains that the SJ Motion should be deferred until it completes the Depositions because the anticipated testimony goes to the heart of its claim for offset and potentially to the merits of the summary judgment motion. *Id.* Urthbox asserts that the documents produced in this action and the testimony from the Depositions will more than suffice to prove its claims for an offset. *Id.*

The existence of Urthbox's unliquidated Counterclaim does not, by itself, create an obstacle to resolving the SJ Motion. Courts have consistently held that an unliquidated counterclaim or setoff does not automatically preclude summary judgment on the underlying claim giving rise to the counterclaim. For instance, in *Ellis v. Jacobs*, No. 13-0985, 2013 WL 12619441, at *4 (S.D.N.Y. June 24, 2013), *report and recommendation adopted*, No. 13-0985, 2013 WL 6405163 (S.D.N.Y. Dec. 3, 2013), the court granted summary judgment on the plaintiff's claim for payment under a promissory note, rejecting the defendant's argument that a counterclaim for tortious interference should delay judgment, because the counterclaim arose from unrelated

16

transactions The court stated that "the existence of a counterclaim does not prevent the Court from entering summary judgment," particularly when the counterclaim is unrelated to the claim at issue. Likewise, *Bowne of New York City, Inc. v. AmBase Corp.*, No. 92 CIV. 0053, 1994 WL 18548, at *1 (S.D.N.Y. Jan. 20, 1994), found that the mere presence of setoff claims does not justify withholding partial summary judgment on claims that have been established as a matter of law. In *Greenblatt v. Prescription Plan Services Corp.*, 783 F.Supp. 814, 823 (S.D.N.Y. 1992), the court granted summary judgment in favor of the plaintiff despite the existence of a counterclaim for misappropriation of proprietary information, finding that the counterclaim raised no material issue of fact relevant to the plaintiff's entitlement to the disputed funds.

The principle is applicable here, where Urthbox's counterclaims for fraudulent misrepresentation, negligent misrepresentation, fraudulent inducement, breach of contract, and contractual indemnification arise from alleged misrepresentations about the condition of Acquired Assets, rather than challenging the fundamental elements of the Trustee's constructive fraudulent transfer claims. As demonstrated in *Greenblatt v. Prescription Plan Services Corp.*, 783 F.Supp. 814, 823 (S.D.N.Y. 1992), when counterclaims are "separate and distinct" from the plaintiff's claims and lack shared elements of proof, they do not defeat summary judgment.

The Sanctions Order has established a minimum transfer value of $1,222,000 for the Acquired Assets, but did not adjudicate or eliminate Urthbox's right to pursue its Counterclaim. The Court imposed the adverse inference as a sanction for Urthbox's failure to produce accounting records, financial statements, and archived emails despite the Court's September 12, 2024 order directing such production. The Sanctions Order did not conclusively resolve the Counterclaim. *See Kiobel v. Millson*, 592 F.3d 78, 85 (2d Cir. 2010) (concurring opinion distinguishing dispositive sanctions from non-dispositive sanctions). Rather, it resolved a factual issue—the minimum value

17

of the assets transferred under the APA—as a sanction for discovery violations. The Court's non-dispositive sanction did not adjudicate the merits of the Counterclaim, or determine that Urthbox is precluded from pursuing the Counterclaim.

## CONCLUSION

Based on the foregoing, and to the extent set forth herein, the Court authorizes the Trustee to file the SJ Motion. The parties shall promptly confer and submit a proposed scheduling order.

IT IS SO ORDERED.

Dated: June 2, 2025
New York, New York

/s/ *James L. Garrity, Jr.*
Hon. James L. Garrity, Jr.
U.S. Bankruptcy Judge